<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PANDA AMERICAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FUTURE FUND INVESTMENTS CORPORATION, <br><br> Defendant. | Case No. 2:25-cv-02641 (BRM) (JBC) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Panda Americas, Inc.'s ("Panda Americas") Motion for Default Judgment against Defendant Future Fund Investments Corp. ("Future Fund Investments") pursuant to Federal Rule of Civil Procedure 55(b)(2) (ECF No. 8) and Future Fund Investments' Motion to Vacate Default and Default Judgment (ECF No. 9). On July 21, 2025, Panda Americas filed a Brief in Opposition to Future Fund Investments' Motion to Vacate Default and Default Judgment. (ECF No. 10.) On July 24, 2025, Future Fund Investments filed a Response. (ECF No. 11.) Having reviewed and considered the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Panda Americas' Motion for Default Judgment is **DENIED** and Future Fund Investments' Motion to Vacate Default is **GRANTED**.

**I.   BACKGROUND**

On a motion to vacate default, the Court takes the defendant's mere allegations as true. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987) ("We need not decide the legal issue

1

at this time; it is sufficient that [the] proffered defense is not 'facially unmeritorious.'"). But on a motion for default judgment, the Court treats all pleadings and allegations of the plaintiff as true. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Panda Americas is a commercial seller of aluminum based and headquartered in New York, New York. (ECF No. 1, ¶¶ 3, 7–8.) Future Fund Investments is a commercial purchaser of aluminum based and headquartered in Paterson, New Jersey. (*Id.* ¶¶ 1, 4.) Panda Americas and Future Fund Investments "entered into two agreements . . . for the delivery . . . of aluminum foil." (*Id.* ¶ 7.) On May 23, 2023, Future Fund Investments initiated these agreements by placing two orders with Panda Americas. (*Id.* ¶ 8.) On May 31, 2023, Panda Americas issued commercial invoices for Future Fund Investments' orders: Invoice No. 202300000083 "in the amount of $77,433.10" ("Order I"); and Invoice No. 202300000085 in "the amount of $74,933.10" ("Order II"). (*Id.*) Future Fund Investments "accepted the invoices without objection," so Panda Americas shipped and delivered the goods, and Future Fund Investments accepted the delivery. (*Id.* ¶ 9.) To date, Future Fund Investments has failed to remit payment for any amount owed on Order I and only paid half the amount owed on Order II. (*Id.* ¶ 10.) Both invoices include identical payment terms: "[d]elay interest of 1% will be applied per month" starting on July 30, 2023, *i.e.*, "60 days after [the] invoice date." (*Id.*, Ex A; *id.*, Ex. B; *accord id.* ¶ 15.)

Panda Americas filed its Complaint against Future Fund Investments on April 11, 2025, and alleged the following claims: Breach of Contract ("Count One") and Unjust Enrichment/Promissory Estoppel ("Count Two"). (*Id.* at 3) Panda Americas served Future Fund Investments on April 16, 2025. (ECF No. 4.)

On May 23, 2025, Panda Americas moved for an entry of default against Future Fund Investments. (ECF No. 6.) The Clerk of Court entered a default against Future Fund Investments

2

on May 27, 2025. (Clerk's Entry Dated May 27, 2025.) Panda Americas then brought a Motion for Default Judgment on June 10, 2025. (ECF No. 8.) Future Fund Investments then filed a Motion to Vacate Default and Default Judgment on July 7, 2025.[1] (ECF No. 9.) On July 21, 2025, Panda Americas filed a brief in opposition to Future Fund Investments' Motion to Vacate (ECF No. 10), and Future Fund Investments filed a reply on July 24, 2025 (ECF No. 11).

## II. LEGAL STANDARD

### A. Default

Federal Rule of Civil Procedure 55(a) requires the Clerk's Office to enter default against a party whom a judgment for affirmative relief is sought when the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Wahab v. New Jersey Dep't of Env't Prot.*, Civ. A. No. 12-6613, 2017 WL 4790387, at *2 (D.N.J. Oct. 24, 2017). However, Federal Rule of Civil Procedure 55(c) permits the Court to "set aside an entry of default for good cause" at its discretion. Fed. R. Civ. P. 55(c); *see Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002).

Entries of default are not favored, and "doubtful cases are to be resolved in favor of the party moving to set aside the default 'so that cases may be decided on the merits.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). Moreover, the grounds for setting aside a default are "less substantial" than would be required for vacating a default judgment. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) ("[A]ny of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default

---

[1] Future Fund Investments failed to submit a memorandum of law accompanying its Motion to Vacate the Entry of Default. (ECF No. 9.)

3

entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment." (quoting 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2696, 334 (1973)).

To determine whether good cause exists to vacate the entry of default, the Court looks at the following four *Poulis* factors: (1) prejudice to the plaintiff; (2) whether the default was entered due to the culpable conduct of the defaulting party; (3) availability of a meritorious defense; and (4) the effectiveness of alternative sanctions.[2] *Emcasco Ins. Co*, 834 F.2d 71 at 73 (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). "When parties file competing motions for default judgment and to vacate the entry of default, courts routinely consider the motion to vacate the entry of default first." *Mawalla v. Lakewood Bd. of Educ.*, Civ. A. No. 23-02734, 2025 WL 1260900, at *2 (D.N.J. Apr. 30, 2025) (citing *Gentile Concrete, Inc. v. L&L Redi-Mix, Inc.*, Civ. No. 21-20515, 2022 WL 2753460, at *2–5 (considering motion to vacate entry of default before competing motion for default judgment); *Doe v. City of Jersey City Bd. of Ed.*, Civ. No. 21-20223, 2022 WL 1137301, at *2 (D.N.J. Apr. 18, 2022) (granting motion to vacate entry of default and, as such, denying motion to enter default judgment as moot)).

### B. Default Judgment

Once the Clerk makes an entry of default, "Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir.1990)). In a matter where the amount sought is not a sum certain or

---

[2] This last factor is not always considered. *See, e.g., Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008); *Feliciano*, 691 F.2d at 656.

cannot be made certain by computations, the court, rather than the clerk, is required to enter the judgment. Fed. R. Civ. P. 55(b). In contrast, where the amount sought is a sum certain or can be made certain by computation, *either* the court or the clerk may enter the judgment. *Liberty Mut. Ins. Co., Inc. v. Mentzer*, No. 1:23-CV-01221, 2024 WL 289340, at *6 (M.D. Pa. Jan. 25, 2024) (finding plaintiff had shown the claim amount was a sum certain and was therefore "entitled to the entry of default judgment against [the] [d]efendant").

Like entries of default, the Third Circuit generally disfavors default judgments. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95). While an entry of a default judgment is within the district court's discretion, cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citation omitted).

Prior to entering a default judgment, the Court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Trs. of the UFCW 126 & Emps. Pension Fund v. Laracca*, Civ. A. No. 16-4759, 2017 U.S. Dist. LEXIS 75091, at *7 (D.N.J. May 17, 2017) (quoting *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, Civ. A. No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015)). In addition, the Court must make explicit factual findings as to: (a) "whether the party subject to default has a meritorious defense," (b) "the prejudice suffered by the party seeking default," and (c) "the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co.*, 834 F.2d at 74); *see also Chamberlain v. Giampapa*, 210 F.3d 154,

5

164 (3d Cir. 2000) (holding these "[t]hree factors control whether a default judgment should be granted." (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195)).

Generally, the Court is required to treat all pleadings and allegations of a plaintiff as true on a motion for default judgment. *See Comdyne I*, 908 F.2d at 1149. However, the Court is not required to accept a plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against defendants. *Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, 58–59 (3d ed. 1998)).

### III. Decision

#### A. Vacatur of Default

Future Fund Investments' Motion to Vacate Default relies primarily on a certification provided by Future Fund Investments' attorney (the "Certification"). (ECF No. 9 at 1; ECF No. 9-1 at 1–3.) The Certification does not contest the facts alleged in Panda Americas' complaint. (*Id.*) Rather, it merely outlines the procedural history and the communications between the parties' attorneys. (ECF No. 9-1 at 1–3.) For purposes of its Motion to Vacate Default, the Court takes Future Fund Investments' allegations as true. *1199 SEIU United Healthcare Workers E. v. Amboy Care Ctr., Inc.*, No. 15-CV-309, 2015 WL 3649031, at *2 (D.N.J. June 11, 2015) (citing *Emcasco Ins. Co.*, 834 F.2d at 74).

According to Future Fund Investments, on May 5, 2025, Future Fund Investments' attorney sent Panda Americas' attorney two "copies of a[n] Answer and [c]ounterclaim" "via regular/ordinary mail." (ECF No. 9-1 at 2.) Eventually, on June 10, 2025, the parties' respective attorneys corresponded. (*Id*. at 2–3.) Future Fund Investments' attorney explained that "the Answer

6

and [c]ounterclaim did not get filed with or through Pacer" because his "ECF and Pacer accounts were not linked, and that [he] was completing the steps necessary to do so." (*Id.* at 2.) Additionally, he asked whether Panda Americas "would consider vacating Default in lieu of [Future Fund Investments] having to file a Motion to Vacate." (*Id.*) Panda Americas' attorney responded by "forwarding a Motion for Default Judgment and . . . advising that [she] would follow-up with her client" regarding the request to vacate the entry of default. (*Id.* at 3.) On June 23, 2025, Future Fund Investments' attorney emailed Panda Americas' attorney "requesting the status of his request to vacate" the entry of default. (*Id.*) In response, Panda Americas' attorney advised Future Fund Investments "was proceeding with default." (*Id.*)

### i.     Meritorious Defense

Future Fund Investments argues "[t]here are meritorious defenses to this matter . . . and a legitimate [c]ounterclaim." (ECF No. 9-1 at 3.) In response, Panda Americas argues Future Fund Investments has "failed to set forth any meritorious defense in its moving papers." (ECF No. 10 at 4.) The Court agrees with Panda Americas.

Whether Future Funds Investments has a meritorious defense is a "threshold question" because "there would be no point in setting aside the default judgment . . . if [Future Fund Investments] could not demonstrate the possibility of his winning." *$55,518.05 in U.S. Currency*, 728 F.2d at 195. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *Id.* (quoting *Tozer*, 189 F.2d at 244). But "conclusionary language" is not enough to demonstrate a meritorious defense under Federal Rule of Civil Procedure 55(c). *Id.* at 196.

However, in light of the more lenient standard that courts use when deciding a motion to vacate an entry of default, "several courts [in this Circuit] have, while recognizing that lack of a

meritorious defense is, by itself, dispositive in the motion to vacate default judgment context, been reluctant to similarly hold in the entry of default context." *Nat'l Specialty Ins. Co. v. Papa*, No. Civ. No. 11-2798, 2012 WL 868944, at *2 (D.N.J. Mar. 14, 2012) (citing *Allstate Ins. Co. v. Hopfer*, Civ. A. No. 08-4549, 2009 WL 1362612, at *3 (E.D. Pa. May 14, 2009) (granting vacatur while holding that motion to vacate would not be denied on lack of meritorious defense alone); *Toy v. Haman*, No. 07-3076, 2008 WL 5046723, at *4 (D.N.J. Nov.20, 2008) (allowing vacatur despite lack of specific presentation of meritorious defenses); *Mike Rosen & Associates v. Omega Builders, Ltd.*, 940 F. Supp. 115, 121 (E.D. Pa. 1996) (granting vacatur, contingent upon the development of facts sufficient to support a meritorious defense, while noting that "[i]n cases where default judgment has not been entered, courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists")).

Here, Future Funds Investments' articulation of its defense is "couched solely in [the kind of] "conclusionary language" the Third Circuit deemed insufficient to establish a meritorious defense. *Id.* (declining to "establish[] a new right to automatically set aside any default judgment if counsel is diligent enough to quote the applicable statute or rule of civil procedure"). Merely stating "[t]here are meritorious defenses to this matter" is not enough to tip the scale in favor of Future Fund Investments' Motion to Vacate the Entry of Default. (ECF No. 9-1 at 3.)

### ii. Prejudice to the Plaintiff

Future Fund Investments states Panda Americas will not suffer prejudice if the Court allows Future Fund Investments to file an Answer and counterclaim. (ECF No. 9-1 at 3.) Panda Americas argues Future Fund Investments' failure to timely respond to its Complaint has prejudiced Panda Americas. (ECF No. 10 at 4.) Specifically, Panda Americas contends not only that the delay itself is prejudicial, but also that the delay has forced Panda Americas to expend resources to request an

entry of default, move the Court for a default judgment, and oppose Future Fund Investments' motion to vacate. (*Id.*) The Court agrees with Future Fund Investments.

"Prejudice is established when the defendant's delay hinders the plaintiff's ability to pursue their claim due to a 'loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Mawalla*, 2025 WL 1260900, at *2 (citing *Feliciano*, 691 F.2d at 657).

Here, Panda Americas has not demonstrated prejudice. (ECF No. 10 at 4.) Instead, as summarized above, Panda Americas merely argues prejudice arises from the delay and litigation costs spent seeking a default judgment. (*Id.*) But "a delay in realizing satisfaction on a claim does not constitute prejudice sufficient to prevent lifting the default." *Mawalla*, 2025 WL 1260900, at *2 (citing *Super Laundry Equip. Corp. v. Chan*, Civ. Civ. A. No. 13-7381, 2015 WL 3953887, at *3 (D.N.J. June 29, 2015)); *see also Feliciano*, 691 F.2d at 657. Moreover, while Panda Americas emphasizes it expended resources in order to obtain an entry of default (ECF No. 10 at 4), "this alone is not sufficient prejudice to preserve a default in the face of a motion to vacate." *First Am. Fin. Corp. v. Homefree USA, Inc.*, Civ. No. 1:12-cv-02888, 2013 WL 2902856, at *4 (D. Md. June 12, 2013), *report and recommendation adopted by*, No. CIV.A. ELH-12-2888, 2013 WL 6080178 (D. Md. July 8, 2013).

### iii. Culpability of the Defaulting Party

Future Fund Investments argues its failure to file its Answer and counterclaim was not intentional, deliberate, or made for the purpose of delay. (ECF No. 9-1 at 3.) Panda Americas disagrees, arguing Future Fund Investments' conduct is culpable and does not constitute excusable neglect. (ECF No. 10 at 4.) Although the question of culpability is a difficult one, the Court ultimately finds Future Fund Investments' failure to file a timely Answer and counterclaim was

9

not willful or made in bad faith. *See Jones v. Remington Lodging & Hosp., LLC*, Civ. A. No. 23-20805, 2024 WL 4626404, at *2 (D.N.J. Oct. 30, 2024); *$55,518.05 in U.S. Currency*, 728 F.2d 192, at 194–95 (requiring "doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits'" (quoting *Tozer*, 189 F.2d at 244)).

To gauge a defendant's culpability, "[m]ore than mere negligence must be demonstrated; willfulness and bad faith, such as acts intentionally designed to avoid compliance, must be shown." *Jones*, 2024 WL 4626404, at *2 (alteration in the original) (quoting *Westpark Elecs. LLC v. EDealer LLC*, No. 22cv4327, 2023 WL 157582, at *3 (D.N.J. Jan. 11, 2023). Although the Third Circuit "has found a lack of culpability in several cases[;] those have typically involved innocent mishaps or mere mistakes." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (citing *Emcasco*, 834 F.2d at 75 (holding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required); *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 421 (3d Cir. 1987) (holding no culpability where two lawyers, one in Miami and one in St. Croix, miscommunicated and one was distracted by personal legal problems); *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983) (holding no culpability where lawyers in two different firms failed to communicate, partly due to one lawyer's vacation); *Tozer*, 189 F.2d at 246 (holding no gross neglect where the defendant, a Wisconsin corporation, did not receive notice of the suit because it had failed to update the address of its Pennsylvania registered office)).

Future Fund Investments claims that despite failing to file a timely response, its attorney mailed two copies of the Answer and counterclaim to Panda Americas' attorney two days before a

10

response to the Complaint was due. (ECF No. 9-1 at 2.) Additionally, Future Fund Investments emphasizes its attorney had difficulties with his PACER and ECF accounts but was "completing the steps necessary to" resolve the technical problem. (*Id.*)

Panda Americas asserts Future Fund Investments conduct still amounted to inexcusable neglect. Specifically, Panda Americas argues that the following conduct amounted to inexcusable neglect: Future Fund Investments (1) "failed to file an answer to the complaint by May 7, 2025," (2) used "ordinary mail" to send its Answer and counterclaim, which "could not be tracked [and] for which there was no certification upon receipt," (3) "fail[ed] to email or even call [Panda Americas'] counsel informing her that [Future Fund Investments] had mailed an Answer," (4) "fail[ed] to request an extension of time to respond to the Complaint until June 10[, 2025,] when . . . the time to answer had expired, [and] the Clerk had already entered default," (5) "fail[ed] to fix the supposed technical problem with Pacer/ECF and not filing an Answer or a request for extension of time upon [Panda Americas'] filing of the request for Default," (6) failed to "mak[e] a single phone call to counsel for [Panda Americas] until . . . [a] day before the deadline for [Panda Americas] to file [a] Motion for Default Judgment" because [Future Fund Investments'] counsel was out of the country," and (7) failed to "fil[e] an appearance, an answer, a request for [an] extension[,] or any other pleading . . . until filing its Motion to Vacate on July 7, 2015."

Even assuming, *arguendo*, this conduct rises to the level of negligence, that is not the standard for evaluating culpability in this context. *Jones*, 2024 WL 4626404, at *2. Considering Future Fund Investments sent Panda Americas copies of its Answer and counterclaim, and Future

Fund Investments' attorney's technical difficulties with Pacer and ECF, Panda Americas has failed to show the kind of "willfulness and bad faith" required to establish culpability.

### iv.     Other Available Sanctions

While neither party has addressed this fourth factor, courts must consider the effectiveness of alternative sanctions. *Emcasco*, 834 F.2d at 73. Again, the Third Circuit disfavors default, preferring cases be resolved on the merits. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Accordingly, "'[e]ntr[ies] of default and default judgments should be a sanction[s] of last, not first, resort, and courts should try to find some alternative.'" *Mawalla*, 2025 WL 1260900, at *4 (quoting *Paris v. Pennsauken Sch. Dist.*, Civ. No. 12-7355, 2013 WL 4047638, at *5 (D.N.J. Aug. 9, 2013) (internal citation omitted)).

"Alternative sanctions include 'a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees or the preclusion of claims or defenses.'" *Glenn v. Sims*, Civ. A. No. 18-13877, 2024 WL 3104317, at *4 (D.N.J. June 24, 2024) (quoting *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 n.6 (3d Cir. 1982)). "Alternative sanctions are effective when they are likely to 'spur [a party] to resume actively litigating th[e] case.'" *Id.* (quoting *Jit Shi Goh v. Coco Asian Cuisine, Inc.*, Civ. No. 15-6310, 2018 WL 7412833, at *3 (D.N.J. July 23, 2018), *report and recommendation adopted*, 2019 WL 861374 (D.N.J. Feb. 22, 2019)).

Here, the Court finds a formal warning is sufficient. Taking Future Fund Investments' allegations as true, *1199 SEIU United Healthcare Workers E.*, 2015 WL 3649031, at *2, although Future Fund Investments failed to file its Answer, it mailed Panda Americas two "copies of a[n] Answer and [c]ounterclaim" before the filing due date (ECF No. 9-1 at 2; ECF No. 10 at 5). Additionally, Future Fund Investments has not "indicated a desire to abandon" its case as

evidenced by its Motion to Vacate Default and Default Judgment and the communications between its attorney and Panda Americas' attorney. *Cf. Glenn*, 2024 WL 3104317, at *4 ("Plaintiffs have, by their actions, indicated a desire to abandon their case, by not opposing the [d]efendants' motion for summary judgment.").

The Court finds Future Fund Investments failed to timely file a response to the Complaint and took longer than needed to contact Panda Americas' attorney about the ECF and Pacer issues facing Future Fund Investments' attorney (ECF No. 9-4 at 2-3.) Accordingly, in the interest of justice, the Court warns Future Fund Investments that it will not hesitate to consider sanctions upon Future Fund Investments or its attorney if the Court finds Future Fund Investments or its attorney is further delinquent in any future obligations to the Court.

Because a majority of the *Poulis* factors—namely the prejudice, culpability, and alternative sanctions—weigh in favor of vacating the entry of default, the Court grants Future Fund Investments' Motion to Vacate Default and denies Panda Americas' Motion for Default Judgment, rendering Future Fund Investments' Motion to Vacate Default Judgment moot.[3]

---

[3] While the meritorious defense factor weighs in favor of preserving the entry of default, as discussed above, on a motion to vacate an entry of default, as opposed to a motion to vacate an entry of a default judgment, the Court will "not deny the motion to set aside entry of default solely on the basis that no meritorious defense exists." *Mike Rosen & Associates*, 940 F. Supp. at 121; *see also $55,518.05 in U.S. Currency*, 728 F.2d at 195 (preferring the disposition of cases on the merits).

### IV. CONCLUSION

For the reasons set forth above, Panda Americas' Motion for Default Judgment (ECF No. 8) is **DENIED**, and Future Fund Investments' Motion to Vacate Default (ECF No. 9) is **GRANTED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: October 6, 2025